WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
K. Joon Oh (SBN: 246142)
koh@winston.com
101 California Street
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Plaintiff
OMNIVISION TECHNOLOGIES, INC.

McDERMOTT WILL & EMERY LLP
Terrence P. McMahon (SBN:  71910)
tmcmahon@mwe.com
David H. Dolkas (SBN:  111080)
ddolkas@mwe.com
Terry W. Ahearn (SBN:  216543)
tahearn@mwe.com
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:    650.813.5000
Facsimile:    650.813.5100

Attorneys for Defendant
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE BRANCH**

| | |
|---|---|
| OMNIVISION TECHNOLOGIES, INC., | **Case No. CV-08-1036 RS** |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| vs. | |
| QUALCOMM INCORPORATED, | |
| Defendant. | |

On May 15, 2008, counsel for Plaintiff and counsel for Defendant met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-3.  Pursuant to the Court's

1

1  Order Setting Initial Case Management Conference and ADR Deadlines, Federal Rules of Civil
2  Procedure 26(a) and (f), Local Rule 16-9 and Standing Order Re: Contents Of Joint Case
3  Management Statement, Plaintiff OmniVision Technologies, Inc. ("OmniVision") and Defendant
4  Qualcomm, Incorporated ("Qualcomm") jointly submit this Case Management Statement and
5  [Proposed] Order and respectfully request that the Court adopt it as its Case Management Order in
6  this case.

I.    JURISDICTION AND SERVICE

       Plaintiff alleges that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims arise under the Lanham Act and because the state-law unfair competition claims are joined with related and substantial claims under the Lanham Act.

       Plaintiff alleges that venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is a corporation residing in this District, because a substantial portion of the events alleged in the Complaint giving rise to Plaintiff's claims for relief allegedly occurred in this District, and because a substantial part of the property that is the subject to this action is located in this District.

       No dispute exists regarding personal jurisdiction.

       Defendant has been served.

II.   FACTS

       **PLAINTIFF'S STATEMENT OF FACTS**

       Plaintiff OmniVision has used the OMNIVISION the name and mark since 1995. OmniVision owns federal registrations for its OMNIVISION mark.  OmniVision's products, which include integrated circuits for image sensing and processing applications in consumer and industrial electronics, have won industry awards and have been used in a variety of award-winning products. OmniVision itself has received awards and recognition for its rapid and successful growth as a profitable technology company.

       Plaintiff OmniVision's products are used in a wide range of devices, including cell phones, digital cameras, camcorders, toys, game consoles, security and surveillance equipment, and medical diagnostic tools.  OmniVision also has offered products for use in cars and trucks since at least

1 March 2005.

2 Defendant manufactures computer and communications hardware, including chipsets and
3 other semiconductor products, and related software for a variety of applications. Since 2003,
4 Defendant has purchased computer hardware, namely semiconductor products including chipsets,
5 from Plaintiff OmniVision in order to develop compatible products that interact with Plaintiff's
6 products in third-party products.

7 Defendant filed two intent-to-use applications to register the OMNIVISION trademark on
8 August 22, 2005. The United States Patent and Trademark Office ("USPTO") published
9 Defendant's applications for opposition on May 2, 2006. Plaintiff filed an opposition to Defendant's
10 applications with the Trademark Trial and Appeal Board ("TTAB") on June 1, 2006, based on
11 Plaintiff's ownership of four federally registered trademarks.

12 Defendant has begun use of the OMNIVISION mark (adopting the same capitalized initial
13 "O" and "V" capitalization pattern Plaintiff OmniVision uses) on hardware, related software, and
14 related services. Defendant's OMNIVISION hardware includes products for the processing and
15 display of images and products for use in trucks and automotive vehicles. Defendant claimed in a
16 press release from October 2006 that it owns the OMNIVISION trademark.

17 Both Plaintiff OmniVision and Defendant advertise their products and services through the
18 same trade shows, including the Mobile World Congress, CTIA Wireless, and CES, and the same
19 trade journals, including EE Times, PC World, Cellular News, Tech News, and Wireless Week.

20 Defendant has indicated that it intends to expand its current uses of OMNIVISION, focusing
21 on a broader range of industries and applications. Defendant's Qualcomm Enterprise Services
22 ("QES") division is using its OMNIVISION trademark on mobile computing services that enhance
23 productivity, safety and security in fleet operations of transportation and logistics companies. QES'
24 first wireless enterprise product was introduced in 1988 and is called the OmniTRACS system.
25 OmniTRACS is a satellite-based, two way mobile data communications and position location
26 reporting system used by transportation and logistics companies to manage their fleets.

27 In 2006, QES introduced "OmniVision" as the brand for its next-generation mobile
28 communications system for transportation fleets. Defendant's OmniVision system builds on the

OmniTRACS legacy in providing two-way data communications, vehicle position location, and end-to-end fleet management services such as automated arrival and departure notification, drivers' hours of service regulatory compliance, and driver performance reporting for proactive fuel management. Defendant holds a number of "Omni" formative trademarks, including OmniTRACS, OmniExpress, and OmniOne.

After desultory settlement discussions broke down, Plaintiff OmniVision filed its Complaint in this matter on February 21, 2008, and immediately sent a courtesy copy to Defendant's counsel. OmniVision also filed a motion to suspend the opposition proceedings before the TTAB pending resolution of this case. OmniVision served its Complaint on Defendant on May 16, 2008, after holding off formal service in the hope of a prompt mediation, which did not occur. Defendant will file its Answer to the Complaint on June 5, 2008.

The parties have engaged in several discussions concerning resolution of this dispute, including the informal exchange of documents and information. The parties have further agreed to mediate this dispute in private mediation by October 31, 2008.

**DEFENDANT'S STATEMENT OF FACTS**

**Background Of Dispute:**

Defendant filed two applications to register its OMNIVISION trademark on August 22, 2005. The United States Patent and Trademark Office ("USPTO") published Defendant's applications for opposition on May 2, 2006. Plaintiff filed an opposition to Defendant's applications with the Trademark Trial and Appeal Board ("TTAB") on June 1, 2006 based on Plaintiff's ownership of four federally registered trademarks.

Plaintiff filed (but did not serve) the Complaint in this matter on February 21, 2008. On the same day, Plaintiff filed a motion to suspend its opposition Defendant's applications pending resolution of this case. Plaintiff served its Complaint on Defendant on May 16, 2008. Defendant will file its Answer to the Complaint on June 5, 2008.

The parties have engaged in several discussions concerning resolution of this dispute, including the informal exchange of documents and information. The parties have further agreed to mediate this dispute in private mediation by October 31, 2008.

**Defendant's Statement about the Parties**

Plaintiff OmniVision has used the OMNIVISION name and mark since 1995. Plaintiff owns four federal registrations for its OMNIVISION mark. Plaintiff's products, which include integrated circuits for image sensing and processing applications in consumer and industrial electronics, have won industry awards and have been used in a variety of award-winning products. Plaintiff itself has received awards and recognition for its rapid and successful growth as a profitable technology company.

Plaintiff OmniVision's products are used in a wide range of devices, including cell phones, digital cameras, camcorders, toys, game consoles, security and surveillance equipment, and medical diagnostic tools. Plaintiff also has offered products for use in cars and trucks since at least March 2005. Plaintiff OmniVision advertises their products and services through trade shows, including the Mobile World Congress, CTIA Wireless, and CES, and the same trade journals, including EE Times, PC World, Cellular News, Tech News, and Wireless Week.

Defendant's Qualcomm Enterprise Services ("QES") division is using its OMNIVISION trademark on mobile computing services that enhance productivity, safety and security in fleet operations of transportation and logistics companies. QES' first wireless enterprise product was introduced in 1988 and is called the OmniTRACS® system. OmniTRACS® is a satellite-based, two way mobile data communications and position location reporting system used by transportation and logistics companies to manage their fleets.

In 2006, QES introduced OmniVision™ as the brand for its next-generation mobile communications system for transportation fleets. The OmniVision system builds on the OmniTRACS legacy in providing two-way data communications, vehicle position location, and end-to-end fleet management services such as automated arrival and departure notification, drivers' hours of service regulatory compliance, and driver performance reporting for proactive fuel management.

Defendant holds a number of "Omni" formative trademarks, including OmniTRACS®, OmniExpress® and OmniOne®. The designation "omnivision" is used as a brand on a variety of goods and services by a variety of different companies.

### III. LEGAL ISSUES

The parties dispute the following issues:

1. Whether Defendant has infringed or is infringing Plaintiff's federally registered trademark;

2. Whether Defendant has used, or is using, false designations of origin likely to cause confusion or mistake between Plaintiff's and Defendant's goods or services;

3. Whether Plaintiff's trademark is famous and distinctive for purposes of determining dilution;

4. Whether Defendant has diluted, or is diluting, Plaintiff's alleged famous and distinctive trademark by blurring or tarnishment;

5. Whether Plaintiff is entitled to damages for Defendant's alleged infringement, unfair competition and/or dilution;

6. Whether Plaintiff is entitled to an injunction, declaratory relief, and rectification of the federal trademark register for Defendant allegedly causing confusion, mistake or deception between Plaintiff's and Defendant's goods and services.

### IV. MOTIONS

**Pending Motions:**

No pending motions are currently before the Court in this action.

**Discovery Motions:**

The parties anticipate the use of discovery motions only as necessary to obtain responsive discovery.

**Pre-Trial Motions:**

Defendant anticipates filing motions for summary judgment.

### V. AMENDMENT OF PLEADINGS

The parties do not contemplate amending the pleadings at this time, nor do the parties contemplate adding any additional parties. However, since the parties will mediate this dispute and discovery has not yet begun, the parties agree to set a deadline for the filing of any amended pleadings at a later date.

VI. **EVIDENCE PRESERVATION**

Plaintiff and Defendant have taken appropriate steps to preserve any and all evidence that may be of relevance to the issues in the present action.  The parties either have issued "litigation hold" memoranda to persons likely to be in possession of relevant evidence or will do so in a timely manner.

VII. **DISCLOSURES**

The parties will exchange disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Order Setting Initial Case Management Conference and ADR Deadlines on or before June 4, 2008.

VIII. **DISCOVERY**

**Status of Discovery:**

Neither party has yet propounded discovery in this matter.  Unless otherwise stated herein, the parties will follow the general rules and limitations on discovery as set forth in the Federal Rules of Civil Procedure, Civil Local Rules, Standing Orders and other orders issued by the Court in this matter.

**Depositions:**

No depositions have been taken in this case to date.

*Plaintiff's Statement:*

Plaintiff propose following the default rules and limitations on depositions as set forth in the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 30(a)(2)(A)(i) and its default number of ten (10) depositions per side.

*Defendant's Statement:*

The parties propose four (4) depositions per side in accordance with the Federal Rules of Civil Procedure.

**Interrogatories:**

The parties propose following the default rules and limitations on interrogatories as set forth in the Federal Rules of Civil Procedure, including the default number of 25 interrogatories per side.

**Expert Discovery:**

The parties propose that expert disclosure and expert discovery take place after the close of fact discovery.

**Scope of Anticipated Discovery:**

*Plaintiff's Statement:*

Plaintiff will need discovery on the factual and legal discussed above, including

- likelihood of confusion among customers and potential customers;
- information regarding Defendant's use of the OMNIVISION mark;
- information regarding Defendant's advertisements;
- information regarding Defendant's selection, adoption, and use of the OMNIVISION mark;
- Defendant's claimed defenses;
- Plaintiff's damages.

*Defendant's Statement:*

The subjects of information for Defendant to defend against these allegations and prove its affirmative defenses will be:

- how each party uses the OMNIVISION mark;
- who the relevant customers are for each party;
- the distinctiveness and famousness of OmniVision's trademark;
- survey results relating to confusion or mistake, distinctiveness and fame; and
- the damages suffered by Plaintiff as a result of Defendant's alleged actions.

**Electronically Stored Information:**

The parties agree to produce electronically stored information in .tiff or .pdf format with load files. The parties reserve the right to seek native files from the producing party when necessary.

**Protective Order:**

The parties contemplate that a protective order governing the treatment of confidential information will be required. The parties expect to submit a stipulated protective order that is similar to the model Stipulated Protective Order of the Northern District of California, with various

modifications.

**Schedule:**

Proposed discovery and disclosure deadlines are set forth below in Section XVII.

IX. CLASS ACTION

This action is not a class action.

X.   RELATED CASES

There are no related cases at this time.

XI.  RELIEF

**Plaintiff's Claims for Relief:**

Plaintiff has requested entry of judgment in its favor and against Defendant as follows:

A.   Preliminarily and permanently enjoining Defendant, and all persons in active concert or participation with them,

- from use of names or marks confusingly similar to those of Plaintiff;
- from acts that dilute the marks of Plaintiff by blurring or tarnishment;
- from representing by any means whatsoever, directly or indirectly, that Defendant and its products, services, and commercial activities are associated in any way with Plaintiff or its products or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception;
- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendant's products or services come from or are the products of Plaintiff, or are somehow sponsored by or associated with Plaintiff; and
- from otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and goodwill;

B.   Ordering Defendant to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other articles

bearing the infringing marks, and all plates, molds, matrices, or other means of making them that are in its possession or under its control;

C. Awarding Plaintiff its actual damages and Defendant's unjust and unlawful profits arising from Defendant's misconduct;

D. Ordering restitution to Plaintiff of Defendant's unjust enrichment and unlawful gains to the detriment of Plaintiff;

E. Awarding Plaintiff additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

F. Declaring that Defendant is not entitled to federal registration of the OMNIVISION mark pursuant to its pending applications and ordering the Director of the United States Patent and Trademark Office to refuse registration or otherwise to rectify the register with respect to the applications;

G. Awarding Plaintiff costs of suit; and

H. Granting such other relief as the Court may determine just and equitable.

**Defendant's Claims for Relief:**

Defendant seeks a finding that they do not infringe Plaintiff's trademark because there is no likelihood of confusion or mistake. Defendant seeks a finding that they do not dilute Plaintiff's trademark by blurring or tarnishment because Plaintiff's trademark is not famous or distinctive and Defendant's use of its trademark will not cause negative associations toward Plaintiff's trademark.

## XII. SETTLEMENT AND ADR

At this early stage in the proceedings, the parties are unable to predict the prospects for settlement. The parties have engaged in several informal but meaningful discussions regarding resolution of this dispute, including the informal production of documents. The parties have agreed to attend private mediation by October 31, 2008. The parties have filed their ADR Certifications and Stipulation and [Proposed] Order to ADR Process. On May 28, 2008, the Court approved the order of referral to private mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have filed consents to proceed before Magistrate Seeborg.

### XIV. OTHER REFERENCES

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

**Plaintiff's Statement:**

Not applicable.

**Defendant's Statement:**

Defendant anticipates that they will file an early motion for summary judgment that will narrow or dispose of issues or causes of action in this matter.

### XVI. EXPEDITED SCHEDULE

The parties do not believe this matter is suitable for expedited handling.

### XVII. SCHEDULING

| Event | Plaintiff's Date | Defendant's Date |
|---|---|---|
| Discovery Opens | | June 4, 2008 |
| Last Day To Amend Pleadings | TBD | TBD |
| Fact Discovery Closes | February 28, 2009 | June 30, 2009 |
| Last Day To File Motions To Compel Fact Discovery | | July 7, 2009 |
| Simultaneous Disclosure Of Experts; Expert Discovery Opens | March 31, 2009 | July 31, 2009 |
| Disclosure Of Rebuttal Expert Witnesses | April 30, 2009 | August 31, 2009 |
| Expert Discovery Closes, including depositions of experts | May 30, 2009 | September 30, 2009 |
| Last Day To File Motions To Compel Expert Discovery | | October 7, 2009 |
| Last Day To File And Serve Dispositive Motions | June 30, 2009 | November 30, 2009 |

| Event | Plaintiff's Date | Defendant's Date |
|---|---|---|
| Joint Pretrial Conference Statement Due | | January 11, 2010 |
| Final Pretrial Conference And Pretrial Disclosures Due | September 15, 2009 | January 18, 2010 |
| Objections To Pretrial Disclosures Due | | February 1, 2010 |
| Trial | October 1, 2009 | February 16, 2010 |

## XVIII. TRIAL

The parties request that this case be tried in front of a jury. The parties expect trial to last approximately five court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff's Statement:**

See Plaintiff's Certificate of Interested Entities filed February 21, 2008.

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3.16. As set forth in those Certifications, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (1) have a financial interest in the subject matter in controversy or in part of the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: Artis Capital Management L.P.; Fidelity Management & Research.

**Defendant's Statement:**

Defendant has filed its "Certification of Interested Entities or Persons" and restates that aside from the named parties, the following entities or persons have an interest that could be substantially affected by the outcome of the proceeding.

////

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**XX. ADDITIONAL MATTER**

The parties agree to the following service list for pleadings:

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFF | Andrew P. Bridges (SBN: 122761)<br>abridges@winston.com<br>Jennifer A. Golinveaux (SBN: 203056)<br>jgolinveaux@winston.com<br>K. Joon Oh (SBN: 246142)<br>koh@winston.com<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111-5894<br>Telephone:    415-591-1000<br>Facsimile:    415-591-1400<br><br>Attorneys for Plaintiff<br>OMNIVISION TECHNOLOGIES, INC. |
| ATTORNEYS FOR DEFENDANTS | Terry W. Ahearn (SBN: 216543)<br>tahearn@mwe.com<br>McDERMOTT WILL & EMERY LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>Telephone:    650.813.5000<br>Facsimile:    650.813.5100<br><br>Attorneys for Defendant<br>Qualcomm, Incorporated |

////

The parties also agree to the following service list for all other documents and correspondence:

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFF | Andrew P. Bridges (SBN: 122761) <br> abridges@winston.com <br> Jennifer A. Golinveaux (SBN: 203056) <br> jgolinveaux@winston.com <br> K. Joon Oh (SBN: 246142) <br> koh@winston.com <br> WINSTON & STRAWN LLP <br> 101 California Street <br> San Francisco, CA 94111-5894 <br> Telephone:   415-591-1000 <br> Facsimile:    415-591-1400 <br><br> Attorneys for Plaintiff <br> OMNIVISION TECHNOLOGIES, INC. |
| ATTORNEYS FOR DEFENDANTS | David H. Dolkas (SBN: 111080) <br> ddolkas@mwe.com <br> Terry W. Ahearn (SBN: 216543) <br> tahearn@mwe.com <br> McDERMOTT WILL & EMERY LLP <br> 3150 Porter Drive <br> Palo Alto, CA 94304-1212 <br> Telephone:   650.813.5000 <br> Facsimile:    650.813.5100 <br><br> Attorneys for Defendant <br> Qualcomm, Incorporated |

////

Dated: June 4, 2008                    WINSTON & STRAWN LLP


                                       /s/ K. Joon Oh
                                       Andrew P. Bridges
                                       Jennifer A. Golinveaux
                                       K. Joon Oh
                                       Attorneys for Plaintiff
                                       OMNIVISION TECHNOLOGIES, INC.




Dated: June 4, 2008                    MCDERMOTT WILL & EMERY LLP


                                       /s/ Terry W. Ahearn
                                       Terry W. Ahearn
                                       3150 Porter Drive
                                       Palo Alto, CA 94304-1212

                                       Attorney for Defendant
                                       QUALCOMM INCORPORATED


K. Joon Oh attests that he has obtained the concurrence of Terry W. Ahearn for the filing of this document.

                                       /s/ K. Joon Oh
                                       K. Joon Oh
                                       Attorney for Plaintiff
                                       OMNIVISION TECHNOLOGIES, INC.

**CASE MANAGEMENT ORDER**

The parties having submitted this Joint Case Management Statement and good cause appearing, IT IS HEREBY ORDERED that the parties' Joint Case Management Statement, subject to any revisions set forth above, is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  Trial in this matter shall be scheduled for _____.

Dated: _____

_____
The Honorable Richard Seeborg
United States Magistrate Judge
Northern District of California

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

16
Joint Case Management Statement and [Proposed] Order
Case No. CV-08-1036 RS
SF:207820.2