1   TERRENCE P. McMAHON (SBN: 71910)
tmcmahon@mwe.com

2   DAVID H. DOLKAS (SBN: 111080)
ddolkas@mwe.com

3   TERRY W. AHEARN (SBN: 216543)
tahearn@mwe.com

4

5   McDERMOTT WILL & EMERY LLP
3150 Porter Drive

6   Palo Alto, CA 94304-1212
Telephone:   650.813.5000

7   Facsimile:   650.813.5100

8   Attorneys for Defendant QUALCOMM
INCORPORATED

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13   OMNIVISION TECHNOLOGIES, INC.,,       CASE NO.  CV 08 1036 (RS)

                Plaintiff,                     **QUALCOMM INCORPORATED'S**

14                                     **ANSWER TO OMNIVISION**

        v.                                 **TECHNOLOGIES, INC.'S COMPLAINT**

15                                     **FOR TRADEMARK INFRINGEMENT,**

    QUALCOMM INCORPORATED,             **TRADEMARK DILUTION AND UNFAIR**

16                                     **COMPETITION**

                Defendant.

17                                     **DEMAND FOR JURY TRIAL**

18                       **QUALCOMM'S ANSWER**

19         In response to Omnivision Technologies, Inc.'s ("OVT") Complaint for Trademark

20   Infringement, Trademark Dilution and Unfair Competition ("Complaint") filed in this action,

21   Qualcomm Incorporated ("Qualcomm"), through its attorneys, submit its Answer and Affirmative

22   Defenses to the Complaint.

23                     **GENERAL DENIAL**

24         Except as expressly admitted herein, Qualcomm DENIES each and every allegation in the

25   Complaint.

26                 **INTRODUCTION TO COMPLAINT**

27         1.         Qualcomm DENIES the allegations against Qualcomm contained in paragraph 1 to

28

*McDERMOTT WILL & EMERY LLP*
*ATTORNEYS AT LAW*
*PALO ALTO*

1    the Complaint.

2    ## JURISDICTION AND VENUE; INTRADISTRICT ASSIGNMENT

3    2.      Qualcomm ADMITS that OVT asserts subject matter jurisdiction is proper

4    pursuant to 28 U.S.C. §§1331 and 1338.  To the extent paragraph 2 alleges anything other than

5    the aforementioned, Qualcomm DENIES the allegations contained in paragraph 2.

6    3.      Qualcomm ADMITS that OVT asserts venue is proper in the Northern District of

7    California pursuant to 28 U.S.C. §1391(b)(1) – (3).  To the extent paragraph 3 alleges anything

8    other than the aforementioned, Qualcomm DENIES the allegations contained in paragraph 3.

9    4.      Qualcomm ADMITS that intradistrict assignment to any division of the Northern

10   District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an

11   "Intellectual Property Action."  To the extent paragraph 4 alleges anything other than the

12   aforementioned, Qualcomm DENIES the allegations contained in paragraph 4.

13   ## GENERAL ALLEGATIONS

14   5.      Qualcomm is without sufficient knowledge or information to form a belief as to

15   the allegations contained in paragraph 5.  For this reason, Qualcomm DENIES the allegations

16   contained in paragraph 5.

17   6.      Qualcomm is without sufficient knowledge or information to form a belief as to

18   the allegations contained in paragraph 6.  For this reason, Qualcomm DENIES the allegations

19   contained in paragraph 6.

20   7.      Qualcomm is without sufficient knowledge or information to form a belief as to

21   the allegations contained in paragraph 7.  For this reason, Qualcomm DENIES the allegations

22   contained in paragraph 7.

23   8.      Qualcomm is without sufficient knowledge or information to form a belief as to

24   the allegations contained in paragraph 8.  For this reason, Qualcomm DENIES the allegations

25   contained in paragraph 8.

26   9.      Qualcomm ADMITS that OVT owns a federal trademark registration for the word

27   mark OMNIVISION at Reg. No. 2,429,766.  To the extent paragraph 9 alleges anything other

28

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1    than the aforementioned, Qualcomm is without sufficient knowledge or information to form a

2    belief as to these allegations and DENIES such allegations contained in paragraph 9.

3         10.    Qualcomm ADMITS that OVT owns a federal trademark registration for the word

4    mark and design OMNIVISION at Reg. No. 2,429,765.  To the extent paragraph 10 alleges

5    anything other than the aforementioned, Qualcomm is without sufficient knowledge or

6    information to form a belief as to these allegations and DENIES such allegations contained in

7    paragraph 10.

8         11.    Qualcomm ADMITS that OVT owns a federal trademark registration for the word

9    mark and design OMNIVISION at Reg. No. 3,229,932.  To the extent paragraph 11 alleges

10    anything other than the aforementioned, Qualcomm is without sufficient knowledge or

11    information to form a belief as to these allegations and DENIES such allegations contained in

12    paragraph 11.

13         12.    Qualcomm ADMITS that OVT owns a federal trademark registration for the word

14    mark and design OMNIVISION at Reg. No. 3,227,857.  To the extent paragraph 12 alleges

15    anything other than the aforementioned, Qualcomm is without sufficient knowledge or

16    information to form a belief as to these allegations and DENIES such allegations contained in

17    paragraph 12.

18         13.    Qualcomm ADMITS that a federal trademark registration provides a presumption

19    of trademark validity.  To the extent paragraph 13 alleges anything other than the aforementioned,

20    Qualcomm is without sufficient knowledge or information to form a belief as to these allegations

21    and DENIES such allegations contained in paragraph 13.

22         14.    Qualcomm ADMITS that it is a Delaware Corporation with its principal place of

23    business in San Diego, CA.

24         15.    Qualcomm is without sufficient knowledge or information to form a belief as to

25    the allegations contained in this paragraph.  For this reason, Qualcomm DENIES the allegations

26    contained in paragraph 15.

27         16.    Qualcomm ADMITS that a division or divisions of Qualcomm that are unrelated

28

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1    to this dispute have purchased products from OVT. To the extent paragraph 16 alleges anything

2    other than the aforementioned, Qualcomm is without sufficient knowledge or information to form

3    a belief as to these allegations and DENIES such allegations contained in paragraph 16.

4         17.    Qualcomm ADMITS that representatives of Qualcomm have attended some of the

5    trade shows listed in paragraph 17. To the extent paragraph 17 alleges anything other than the

6    aforementioned, Qualcomm is without sufficient knowledge or information to form a belief as to

7    these allegations and DENIES such allegations contained in paragraph 17.

8         18.    Qualcomm ADMITS it filed trademark applications on August 22, 2005 bearing

9    serial numbers 78/697,428 and 78/697,430 in international classes 9 and 35/39 respectively for its

10   trademark OMNIVISION. To the extent paragraph 18 alleges anything other than the

11   aforementioned, Qualcomm DENIES the allegations contained in paragraph 18.

12        19.    Qualcomm ADMITS that the United States Patent and Trademark Office

13   ("USPTO") published Qualcomm's applications for its trademark OMNIVISION bearing serial

14   numbers 78/697,428 and 78/697,430 for opposition in May 2, 2006. Qualcomm ADMITS OVT

15   filed oppositions to Qualcomm's trademark applications bearing serial numbers 78/697,428 and

16   78/697,430 on June 1, 2006. To the extent paragraph 19 alleges anything other than the

17   aforementioned, Qualcomm DENIES the allegations contained in paragraph 19.

18        20.    Qualcomm ADMITS that it filed two intent-to-use applications for its

19   OMNIVISION trademark. Qualcomm ADMITS that at the time of the filing of its intent-to-use

20   applications Qualcomm had not met the requirements for federal trademark applications based on

21   use. To the extent paragraph 20 alleges anything other than the aforementioned, Qualcomm

22   DENIES the allegations contained in paragraph 20.

23        21.    Qualcomm ADMITS its Qualcomm Enterprise Services ("QES") division is using

24   its OMNIVISION trademark on mobile computing systems that offer a broad range of services to

25   help enhance the efficiency, productivity, and safety of fleet operations for the transportation and

26   logistics markets. To the extent paragraph 21 alleges anything other than the aforementioned,

27   Qualcomm DENIES the allegations contained in paragraph 21.

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

1       22.    Qualcomm is without sufficient knowledge or information to form a belief as to

2   the allegations contained in paragraph 22. For this reason, Qualcomm DENIES the allegations

3   contained in paragraph 22.

4       23.    Qualcomm DENIES the allegations contained in paragraph 23.

5       24.    Qualcomm DENIES the allegations contained in paragraph 24.

6       25.    Qualcomm DENIES the allegations contained in paragraph 25.

7       26.    Qualcomm DENIES the allegations contained in paragraph 26.

8
9
### FIRST CAUSE OF ACTION
### Infringement of Federally Registered Trademarks
### (Lanham Act §32/15 U.S.C. §1114)

10       27.    Qualcomm incorporates by reference its specific responses to paragraphs 1

11   through 26 above.

12       28.    Qualcomm DENIES the allegations contained in paragraph 28.

13
14
15
### SECOND CAUSE OF ACTION
### False Designation of Orgin/Trademark Infringement
### (Lanham Act §43(a)(1)(A)/15 U.S.C. §1125(a)(1)(A))

    29.    Qualcomm incorporates by reference its specific responses to paragraphs 1

16   through 28 above.

17       30.    Qualcomm DENIES the allegations contained in paragraph 30.

18
19
20
### THIRD CAUSE OF ACTION
### Trademark Dilution under Federal Law
### (Lanham Act §43(c)/15 U.S.C. §1125(c))

    31.    Qualcomm incorporates by reference its specific responses to paragraphs 1

21   through 30 above.

22       32.    Qualcomm DENIES the allegations contained in paragraph 32.

23       33.    Qualcomm DENIES the allegations contained in paragraph 33.

24       34.    Qualcomm DENIES the allegations contained in paragraph 34.

25
26
27
### FOURTH CAUSE OF ACTION
### Trademark Dilution Under California Law
### (Cal. Bus. & Prof. Code §14247)

28       35.    Qualcomm incorporates by reference its specific responses to paragraphs 1

through 34 above.

36.    Qualcomm DENIES the allegations contained in paragraph 36.

37.    Qualcomm DENIES the allegations contained in paragraph 37.

**FIFTH CAUSE OF ACTION**
**Trademark Infringement and Unfair Competition**
**(California Common Law)**

38.    Qualcomm incorporates by reference its responses to paragraphs 1 through 37 above.

39.    Qualcomm DENIES the allegations contained in paragraph 39.

**SIXTH CAUSE OF ACTION**
**Declaratory Relief and Rectification of Trademark Register**

40.    Qualcomm incorporates by reference its responses to paragraphs 1 through 39 above.

41.    Qualcomm DENIES the allegations contained in paragraph 41.

42.    Qualcomm DENIES the allegations contained in paragraph 42.

**AFFIRMATIVE DEFENSES AS TO ALL CAUSES OF ACTION**

As separate and distinct affirmative defenses to the Complaint, and to each and every purported cause of action therein, Qualcomm is informed and believe, and thereon alleges, as follows:

**First Affirmative Defense**
**(Failure to State a Claim)**

43.    The allegations of the Complaint fail to state a claim upon which relief can be granted.  For this reason, the Complaint should be dismissed.

**Second Affirmative Defense**
**(No Likelihood of Confusion Under Federal Law)**

44.    OVT is not entitled to any relief against Qualcomm because use of the OMNIVISION mark is not likely to cause confusion in violation of 15 U.S.C. §1114.

**Third Affirmative Defense**
**(Not Distinctive/No Secondary Meaning)**

45.    OVT is not entitled to any relief against Qualcomm because OVT's mark is not

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

1    inherently distinctive and has not obtained secondary meaning.

2    ### Fourth Affirmative Defense
3    ### (No Unfair Competition Under Federal Law)

4    46.    OVT is not entitled to any relief against Qualcomm because Qualcomm has not

5    used, and does not use, words, names, terms, marks, symbols, devices, false designations of

6    origin, false and misleading descriptions and representations of facts which are likely to cause

7    confusion or to cause mistake or to deceive in violation of 15 U.S.C. §1125(a)(1)(A).

8    ### Fifth Affirmative Defense
     ### (Lack of Dilution Under Federal Law)

9    47.    OVT is not entitled to any relief against Qualcomm because Qualcomm has not

10   diluted OVT's trademark in violation of 15 U.S.C. §1125(c).

11   ### Sixth Affirmative Defense
12   ### (Lack of Dilution Under California Law)

13   48.    OVT is not entitled to any relief against Qualcomm because Qualcomm has not

14   diluted OVT's trademark in violation of California Bus. & Prof. Code §14247.

15   ### Seventh Affirmative Defense
16   ### (Lack of Fame/Lack of Distinctiveness)

17   49.    OVT is not entitled to any relief against Qualcomm for dilution under federal or

18   state law because OVT's mark is neither famous nor distinctive.

19   ### Eighth Affirmative Defense
     ### (No Infringement or Unfair Competition Under California Common Law)

20   50.    OVT is not entitled to any relief against Qualcomm because OVT's mark is not

21   distinctive and Qualcomm has not engaged in trademark infringement or unfair competition of

22   OVT's trademark in violation of California Common Law.

23   ### Ninth Affirmative Defense
24   ### (No Declaratory Relief or Rectification)

25   51.    OVT is not entitled to any declaratory relief or rectification of the Trademark

26   Register because Qualcomm has not infringed, diluted or unfairly competed with OVT's

27   trademark in violation of any law.

28

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

McDermott Will & Emery LLP
Attorneys at Law
Palo Alto

### Tenth Affirmative Defense
### (Laches and Waiver)

52.    On information and belief, OVT's claims for relief are barred, in whole or in part, by the doctrine of laches or waiver, or both.

### Eleventh Affirmative Defense
### (Estoppel)

53.    Upon information and belief, OVT's claims for relief are barred, in whole or in part, by the application of the doctrine of equitable estoppel.

### Twelfth Affirmative Defense
### (Acquiescence)

54.    Upon information and belief, OVT's claims for relief are barred, in whole or in part, by the application of the equitable doctrine of acquiescence.

### Thirteenth Affirmative Defense
### (Failure of Mark to Indicate Source)

55.    OVT is not entitled to any relief against Qualcomm because OVT does not use the mark at issue as an indicator of source.

### PRAYER FOR RELIEF

WHEREFORE, Qualcomm prays for the following relief against OVT:

1.    OVT take nothing by the Complaint;

2.    The Complaint be dismissed with prejudice;

3.    Judgment be entered against OVT and in favor of the Qualcomm;

4.    For costs of suit incurred herein, including reasonable attorneys' fees; and

5.    For such other and further relief as is just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Qualcomm hereby demands a trial by jury as to all issues so triable in the Complaint.

Dated: June 5, 2008                          McDERMOTT WILL & EMERY LLP


                                             By: /s/ Terry W. Ahearn
                                                 TERRY W. AHEARN

                                             Attorney for Defendant
                                             QUALCOMM INCORPORATED

MPK 141809-1.050278.0399